■ PAULA J. KELLY, Appellant, v MICHAEL R. KELLY, Respondent.—In an action in which a judgment of divorce had been granted, plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Richmond County, dated February 19, 1976, as awarded final custody of the infant child of the marriage to the defendant. Order reversed insofar as appealed from, with $50 costs and disbursements, and action remanded to the Supreme Court for the holding of a new plenary hearing and a new determination on the issue of custody. In the interim, custody remains with the defendant pursuant to the terms of the fifth decretal paragraph contained in the judgment of divorce of the Supreme Court, Richmond County, entered September 17, 1975, with the visitation provisions contained therein to remain in force and effect. In our opinion, the imminent danger that plaintiff would remove the child to California after the divorce and that, in California, the child would be subject to family members with criminal records and would not be properly cared for because of the plaintiff's plans to both attend college and be employed, fully justified the trial court's decision after the divorce trial to award temporary custody to defendant, pending a report from the court's probation department. The critical issue is whether, after that temporary custody award to defendant, plaintiff sincerely abandoned her California plans and decided to remain in Staten Island in order to not lose custody of her child. This was the key issue at the custody hearing of December 4, 1975. It now appears that on December 16, 1975, i.e., *after* that hearing and *prior* to the final custody award to defendant, the latter's counsel—without notice to plaintiff—sent a letter to the trial court which is highly prejudicial to plaintiff in that, *inter alia,* it clearly undermines her credibility and seriously reflects upon her character. It is patent that the trial court was not informed that defendant had not given plaintiff notice of that letter. The significant probability that the trial court may have assumed that, by failing to deny the allegations of the letter, plaintiff admitted them, and that the trial court may have been thus influenced by the letter into awarding final custody to defendant, mandates that there be a new trial and a new determination. At that hearing there should be a full exploration of all of the circumstances under which the infant was registered at the YMCA under the name of "Michele Jenkins". Hopkins, Acting P. J., Martuscello, Margett, Rabin and Hawkins, JJ., concur.